In the Matter of DAVID IRWIN et al., Individually and on Behalf of the Various Tenants of the Housing Development Known as INTERLAKEN RESIDENTS ASSOCIATION, Respondents, v, STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, et al., Appellants.

First Department, October 9, 1973.

*Joseph Slipyan* of counsel (*Harold Zucker,* attorney), for Division of Housing and Community Renewal, appellant.

*Robert S. Fougner* of counsel (*McLaughlin & Fougner,* attorneys), for Intergardens Corporation, appellant.

*Jerome M. Kay* for respondents.

*Per Curiam.* The respondents-appellants are, respectively, the State agency charged with administration of the Emergency Housing Rent Control Law (L. 1950, ch. 250), and the corporate owner of a large housing complex located in Westchester County. (Jurisdiction lies here by reason of location in New York County of the Administrator's principal office.) Petitioners-respondents are a group representing tenants in the subject premises. The appeal is from Special Term's judgment and order granting the tenants' petition under article 78 of the CPLR, by annulment of the Administrator's orders and determinations granting certain rent increases to the landlord. Special Term's opinion specifically rejects two of the arguments advanced below by the tenants in the petition: that the tenants were deprived of due process by denial of a hearing on the proposed increases and that computations of the increases were improperly made; no cross appeal from these holdings lies before us. The specific ground advanced by Special Term for its action is one not advanced in the petition: that there is no authority in law for subdivision (8) of section 33 of the regulations of the Commissioner of Housing and Community Renewal (9 NYCRR 2102.3 [b] [8]) under which the computations were made and the increases granted.

The authorizing statute originally enacted as part of the 1950 law was amended by chapter 443 of the Laws of 1951, particularly, as here relevant, to strike therefrom the limiting words: " that provisions for individual or general adjustments of rents shall not be authorized hereunder except as specifically provided for herein ". In pertinent part it now reads: " 4. (a) The commission may from time to time adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this act, including practices relating to recovery of possession; provided that such regulations can be put into effect without general uncertainty, dislocation and hardship inconsistent with the purposes of this act; and provided further that such regulations shall be designed to maintain a system of rent controls at levels which, in the judgment of the commission, are generally fair and equitable and which will provide for

an orderly transition from and termination of emergency controls without undue dislocations, inflationary price rises or disruption. Provision shall be made pursuant to regulations prescribed by the commission, for individual adjustment of maximum rents where ", followed by a listing of various specified grounds for adjustment not here involved, but to which Special Term held the agency limited. In 1970, the implementing section 33 of the regulations was amended by the addition of subdivision (8).

" Section 33. Grounds for increase of maximum rent. * * *

" (8) Other necessary adjustments of maximum rents not inconsistent with the purposes of the act or regulations. Where the Administrator finds in considering an application of the landlord, that adjustments of maximum rents on grounds other than those set forth in paragraphs 1, 2, 3, 4, 5, 6, or 7 are not inconsistent with the purposes of the Act or these regulations, and such adjustments are necessary to maintain a system of rent controls at levels which are generally fair and equitable, the Administrator may issue orders increasing the maximum rents by the amounts of such adjustments. The total adjustments of maximum rents for any housing accommodation in any 12 month period under this paragraph shall not exceed 15 percent of the maximum rent in effect on the date of the first order granting an adjustment in said 12 month period. The Administrator may waive this limitation because of unique and peculiar circumstances, where he finds such waiver is not inconsistent with the purposes of the Act or these regulations."

Thereafter, a series of " supplements " issued by the Commissioner specifically provided for " pass-along " increases in rent, by which, as here applicable, cost increases for real estate taxes, labor, and fuel oil were permitted to be the subject of applications to the Administrator for increases in rent.

In April, 1971 the landlord made applications in all three categories to the Local Administrator, and they were granted. After some interim — and fruitless — proceedings in Supreme Court, Westchester, the tenants proceeded by way of formal protest, which resulted, aside from a reduction of the increase allowed for fuel oil, in substantial affirmance, followed by the article 78 proceeding and the decision here reviewed. The issue before us is simply one, then, of construction of a statute: does paragraph (a) of subdivision 4 of section 4 of the statute authorize promulgation of subdivision (8) of the regulation? We hold that it does.

To begin with, it is well recognized that an administrative agency's interpretation of the statute it is charged with admin-

istering is entitled to great weight. (See, e.g., *Hotel Armstrong* v. *Temporary State Housing Rent Comm.*, 11 A D 2d 395.) Additionally, the regulation is on its face a valid exercise of statutorily granted authority. A reading of the portion excerpted above indicates clearly that the Commissioner is not limited merely to the list in the statute of areas of rent adjustment, but is granted a wide area of discretion " from time to time [to] adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of * * * [the] *. * .* act * * * designed to maintain a system of rent controls at levels which, in the judgment of the commission, are generally fair and equitable " (§ 4, subd. 2, par. [c]). The language used is consonant only with the Legislature's anticipation at the time of the statute's enactment that, in future, circumstances might well arise that would require exercise of judgment and discretion as here displayed; it can have no purpose other than to grant the disputed authority. The words used do not square with tight legislative retention of complete and unyielding control of the Commissioner's day-to-day functioning. The right and duty of the agency to promulgate the subject of regulation is apparent and indeed obvious. Nor is it an answer to indicate, as did apparently Special Term in stating the order on appeal to be without prejudice to application for hardship increase, that one form of relief precludes the other. Each form of application serves an entirely different purpose. In any event, no such hardship increase was before either Special Term or is before this court.

We further note that another possible ground for reversal of Special Term presents itself, though the grounds we have advanced are sufficient. The sole attack made on the regulation on protest before the Commissioner was as to alleged deprivation of hearing and to the method of computation. It was not then claimed to be unauthorized in law. And, in the petition itself, the closest that petitioners-respondents come to a similar attack on the Commissioner's authority was a challenge to constitutionality based, not on the authority granted to promulgate the regulation, but on the manner of computation thereunder. Subdivision 1 of section 9 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1962, ch. 311, § 41) states specifically: " No objection to such regulation or order, and no evidence in support of any objection thereto, shall be considered by the court, unless such objection shall have been set forth by the petitioner in the protest or such evidence shall be contained in the return." It is questionable

whether the basis of Special Term's annulment of the regulation was properly before the court.

The judgment and order (one paper) of Special Term (MANGAN, J.), New York County, entered May 1, 1973, should be reversed on the law and vacated, and the petition dismissed, without costs.

STEVENS, P. J., MARKEWICH, NUNEZ, KUPFERMAN and MURPHY, JJ. concur.

Judgment, Supreme Court, New York County, entered on May 1, 1973, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the petition dismissed.